FILED
August 24, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002878391

5

T. SCOTT BELDEN, CSB NO. 184387
LISA HOLDER, CSB NO. 217752
KLEIN, DENATALE, GOLDNER,
  COOPER, ROSENLIEB & KIMBALL, LLP
4550 California Avenue, Second Floor
Bakersfield, California 93309
Telephone: (661) 395-1000
Facsimile: (661) 326-0418
E-Mail: sbelden@kleinlaw.com; lholder@kleinlaw.com

Attorneys for Debtor

## UNITED STATES BANKRUPTCY COURT

### EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>ACE FINANCIAL CORPORATION,<br><br>Debtor. | Case No. 10-11289-B-11<br><br>Chapter 11<br><br>DC No. KDG-22<br><br>Date: September 1, 2010<br>Time: 3:00 p.m.<br>Place: U.S. Bankruptcy Court<br>      1300 18th Street<br>      Bakersfield, California<br>Judge: W. Richard Lee |

### MOTION FOR ORDER AUTHORIZING SALE OF REAL PROPERTY
### (209 E. MONETA AVENUE, BAKERSFIELD, CA)

ACE FINANCIAL CORPORATION ("Debtor"), respectfully represents:

**I.    Introduction**

    1.    Debtor filed a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code on February 10, 2010. Debtor has managed its affairs as debtor-in-possession since the petition date.

    2.    Debtor owns residential property located at 209 East Moneta Avenue, Bakersfield, California, Assessor's Parcel No. 119-063-05-5 ( the "Real Property").

    3.    Debtor requests authority to sell the Real Property to an unrelated third party for $82,000.00. Debtor believes that this is the market value of the Real Property based on the

current market conditions. Mission Bank claims a perfected security interests in the proceeds of the sale ("the Proceeds"), but agrees that Debtor may sell the Real Property under the terms and conditions described in this Motion.

**II.     Potential Liens against the Real Property**

4. The Real Property is subject to the following claims of lien:

| Name | Nature of Security Interest | Amount of Lien |
|---|---|---|
| Kern County Tax Collector | Real Property Taxes | $ 15,069.00 |
| Mission Bank | UCC-1 Recorded 11/06/2007 | $ 745,000.00 |

5. Mission Bank asserts an interest in the Excess Proceeds received from the sale of the Real Property pursuant to its Business Loan Agreement, the Promissory Note, and Commercial Security Agreement with Debtor. Mission Bank filed a UCC-1 Financing Statement with the California Secretary of State on or about December 22, 2003, and a continuation on November 6, 2008, to perfect its security interests as provided in the Business Loan Agreement and Commercial Security Agreement. Copies of the UCC-1 Financing Statements filed by Mission are included as exhibits to *Motion by Debtor for Order Authorizing Use of Cash Collateral* (KDG-1).

**III.    Offer to Purchase**

6. Debtor received an offer from DFHN, Inc. ("Buyer"), to purchase the Real Property for $82,000.00. Debtor has no connection with Buyer or persons related to Buyer and Buyer is a "disinterested person" as defined in 11 USC Section 101.

7. Buyer's offer was obtained with the assistance of real estate brokers, Coldwell Banker Preferred Realtors, representing Debtor, and Miramar Real Estate Group, representing Buyer. Debtor agreed to pay 6% commission upon the sale of the Real Property to the Broker and/or Brokers who assisted in the sale, which makes the brokerage fees arising from the proposed sale price about $4,920.00. The Court approved the employment of Coldwell Banker Preferred Realtors in the *Order Authorizing Employment of Real Estate Broker-Coldwell Banker Preferred Realtors* entered on July 16, 2010. Debtor believes that 6% is a standard

commission for the sale of residential real property, and is a reasonable fee to pay Coldwell Banker Preferred Realtors and Miramar Real Estate Group for their services. The brokers' commission will be paid out of escrow from the proceeds of the sale. In addition to the brokers' commissions, other customary closing costs will be paid out of escrow from the proceeds of the sale.

8. A copy of the Residential Purchase Agreement and Joint Escrow Instructions is attached as Exhibit "A" to the *Exhibits in Support Motion for Order Authorizing Sale of Real Property (209 East Moneta Avenue, Bakersfield, CA)* filed concurrently herewith ("the Exhibits"). Escrow is to close no later than thirty days after the Court approves the sale of the Real Property. All contingencies are waived, and this is a cash sale.

9. The offer to purchase the Real Property is subject to higher and better bids received at the time of the hearing.

### IV. Distribution of Proceeds

10. After the payment of ordinary costs of sale, commissions and the real property taxes described above, 85% of the Proceeds out of escrow shall be paid to Mission Bank pursuant to the Parties' Cash Collateral Stipulations. Debtor will receive 15% of the Proceeds.

### V. Argument

11. Debtor requests authorization to sell the Real Property under 11 USC Sections 363(b)(1).

12. Under 11 U.S.C. section 363(b)(1), the Debtor may use, sell, or lease, other than in the ordinary course of its business, property of the estate. The Debtor's decision to sell, which is outside of the normal course of its business, must be based on its reasonable business judgment. *In re Continental Air Lines, Inc.*, 780 F.2d 1223, 1226 (5th cir. 1986). The court may approve the sale if the Debtor establishes "some articulated business justification" for the transaction. *In re Lionel Corp.*, 722 F2d 1063, 1070 (2d Cir. 1983). *In re Lionel Corp.*, 722 F.22 1063, 1070 (2d Cir.1983); *In re Walter*, 83 B.R. 14 (9th Cir. BAP 1988); *In re Ernst Home Ctr.*, 209 B.R. 974, 979 (Bankr. D. Wash. 1997). Furthermore, the Bankruptcy Court can authorize a sale of an asset of a Chapter 11 estate before the acceptance of and outside of a Plan

of Reorganization "when a sound business purpose dictates such action." *In re Stephens Industries, Inc.*, 789 F. 2d 386, 389-390 (6th Cir. 1986); *see also In re Lionel Corporation*, 722 F.2d 1063, 1070 (2d Cir. 1983).

13. These facts constitute an "articulated business justification" for the transaction. The sale of the Real Property is outside of the ordinary course of business conducted by Debtor. Debtor believes the sale of the Real Property before confirmation of a Plan of Reorganization is justified, in the best interest of the estate, and a sound business decision because: (1) Debtor is no longer engaged in the business of hard money lending as it has been in the past; (2) the Real Property is not needed to support Debtor's business; (3) Debtor intends to liquidate its assets in order to pay its creditors; (4) Debtor must sell all of the real property owned by it in order to fund its Plan; (5) Debtor does not wish to lose the opportunity to sell the Real Property; and (6) it will allow Debtor to reduce its secured indebtedness by about $51,000.00.

14. For all those reasons, the proffered sale and division of proceeds is an exercise of Debtor's sound business judgment.

## VI. PRAYER

WHEREFORE, Debtor prays that:

1. The Motion be granted;

2. Debtor be authorized to sell the Real Property to DFHN, Inc., or nominee ("Buyer"), for $82,000.00—or to the highest bidder at the time of the hearing for such higher and better price or terms as Debtor may obtain—as described in the Notice of Hearing;

3. Debtor be authorized to pay customary costs of sale, broker commissions, and the Kern County Tax Collector out of escrow;

4. Debtor be authorized to pay 85% of the Proceeds to Mission Bank on account of its lien, and as provided under the Cash Collateral Stipulations;

5. Debtor be authorized to retain 15% for the benefit of the estate;

6. Debtor's principal be authorized to execute additional documents as are reasonable and necessary to effectuate the sale to Buyer or the highest bidder, and

1.     7.     Debtor be given such other relief as the Court deems to be just and proper.

Date: August 24, 2010

                                      KLEIN, DeNATALE, GOLDNER,
                                      COOPER, ROSENLIEB & KIMBALL, LLP

By [signature]
T. SCOTT BELDEN;
LISA HOLDER, Attorneys for Debtor

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309